IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>**MICHAEL WEISEL** and<br>**LORI SUE WEISEL,**<br><br>Debtors<br><br>———————————————<br><br>**MICHAEL WEISEL** and<br>**LORI SUE WEISEL**,<br><br>Movants/Appellants<br><br>v.<br><br>**DOMINION PEOPLES GAS COMPANY**<br><br>Respondent/Appellee | 2:09cv537<br>**Electronic Filing** |

**MEMORANDUM OPINION**

February 1, 2010

**I.   INTRODUCTION**

Before the Court is an appeal by Michael Weisel and Lori Sue Weisel (the "Weisels" or "Debtors"), from an order of the United States Bankruptcy for the Western District of Pennsylvania entering summary judgment in favor of Dominion Peoples Gas Company ("Dominion"), finding that Dominion did not violate the automatic stay provisions of 11 U.S.C. § 362 when it terminated gas service to the Weisels for failure to pay post-petition utility bills, and dismissing the Weisels' complaint against Dominion for violation of the automatic stay. This Court has jurisdiction of the appeal from the final order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).

**II.   STATEMENT OF THE CASE**

On October 26, 2006, the Weisels filed a petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court").  Prior to that date, the Weisels had an account with Dominion,

Account No. 7460601283662 (the "pre-petition account"), whereby Dominion agreed to provide gas utility to the Weisels' residence at 308 Lloyd Avenue, Latrobe, Pennsylvania. In their Chapter 13 petition, the Debtors listed an unsecured, nonpriority debt owed to Dominion in the amount of $1,203.40 for pre-petition utility service. As a result of the bankruptcy petition, Dominion closed the Weisels' pre-petition account so that all utility charges prior to October 26, 2006, were included in the pre-petition account.

Dominion opened a post-petition account for the Weisels with an account balance of $0 as of the date of the bankruptcy petition. In conjunction with opening the new account, Dominion requested a post-petition deposit of $217.00 from the Weisels to be paid on or before December 22, 2006. On or about December 18, 2006, the Weisels paid $215.00 of the requested deposit. Dominion accepted the deposit and continued the gas utility service to the Debtors. The Debtors admit that they made sporadic payments to Dominion and accumulated a post-petition delinquency of $1,157.09. After providing Debtors proper notice pursuant to state law, Dominion terminated gas utility service to the Debtors' residence on April 9, 2008.

On April 30, 2008, the Wesel's filed a Complaint against Dominion alleging that Dominion violated Title 11, United States Code, Section 362 of the Bankruptcy Code by terminating Debtors' post-petition gas service for failure to pay the post-petition utility bills without obtaining relief from the automatic stay, 11 U.S.C. § 362(d). Dominion filed a motion for summary judgment on June 23, 2008, seeking dismissal of the complaint with prejudice. The Bankruptcy granted summary judgment in favor of Dominion finding that Dominion was permitted to unilaterally terminate gas service to the Debtors based on post-petition unpaid bills without requirement of seeking either leave of the Court or relief from the automatic stay pursuant to 11 U.S.C. §362(d). Debtors then appealed to this Court.

### III.   STANDARD OF REVIEW

This Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, a district court applies a clearly

erroneous standard to a bankruptcy court's findings of fact – "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous…." *See* Federal Rule of Bankruptcy Procedure 8013.  In this instance, the parties agreed to submit the case upon a stipulation of facts[1].  Therefore, the only issues presented in this appeal are questions of law.  The legal conclusions of a bankruptcy court are subject to plenary review. *In re Continental Airlines*, 125 F.3d 120, 128 (3d Cir. 1997); *see also In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

IV.  **DISCUSSION**

Upon the filing of a bankruptcy case, a creditor like Dominion is subject to the automatic stay provisions of the Bankruptcy Code. Pursuant to the stay, a creditor is prohibited from:

> (6)  any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . .

11 U.S.C. § 362(a)(6).  The Bankruptcy Code specifically addresses utilities at 11 U.S.C. § 366, which provides specific protections for both the debtor and the utility.  The Third Circuit noted that "the purpose and policy" of § 366 is "to prevent the threat of termination from being used to collect prepetition debts while not forcing the utility to provide services for which it may never be paid." *See In re Hanratty*, 907 F.2d 1418, 1424 (3d Cir. 1990)(quoting *Begley v. Philadelphia Elec. Co.*, 760 F.2d 46, 49 (3d Cir. 1985)). In passing § 366, "Congress struck a balance between the general right of a creditor to refuse to do business with a debtor and the debtor's need for utility services." *In re Hanratty*, 907 F.2d at 1424.

---

[1]  Debtors did, however, dispute that they ever received prior notice of Dominion's intent to terminate service.  On that issue, the Bankruptcy Court found that: (1) in addition to Debtors' October bill, Dominion also mailed the Debtors a "10-Day Residential Shut-Off Notice" warning them that their service could be shut off by October 30, 2007, unless the bill was paid or payment arrangements were made; (2) Dominion also attempted to contact the Debtors by phone on October 19, 2007, leaving a message on their answering machine; (3) a similar notice was sent and two more phone calls were made in November 2007; and (4) Dominion again sent 10-Day Residential Shut-Off Notices to the Debtors in February and March 2008, and made efforts to contact them by telephone. *In re Weisel*, 400 B.R. 457, 461 (Bankr. W.D. Pa. 2009).

Section 366(a) provides the general rule that a utility may not alter, refuse, or discontinue service to a debtor "solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due." This general rule, however, is subject to the conditional language set forth in § 366(b), which provides:

> (b)   Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

11 U.S.C. § 366(b).

Section 366(a), then, prohibits a utility from, *inter alia*, terminating service during the first twenty (20) days of a bankruptcy case based on a pre-petition debt. *See In re Whittaker*, 882 F.2d 791, 793-794 (3d Cir. 1989). After the expiration of that initial twenty (20) day period, § 366(b) prohibits the utility from terminating service if the debtor has timely furnished adequate assurance of payment for post-petition service. *Id.*

In this instance, the Debtors filed their petition on October 26, 2006.  Pursuant to § 366(b), the Weisels' gas service could be discontinued for failure to furnish "adequate assurance of payment" to Dominion on or after November 16, 2006, the twenty-first (21st) day following commencement of the bankruptcy case.  Nothing in § 366(b), however, requires Dominion to terminate service, to the contrary, the plain language of the statute states that a " utility may . . . discontinue service . . . [for failure to furnish] . . . adequate assurance of payment . . ." By letter dated November 18, 2006, Dominion gave the Weisels until December 22, 2006, to pay a "security deposit of $217.00 to continue to receive natural gas service." On or about December 18, 2006, the Weisels paid $215.00 of the requested deposit, which was accepted by Dominion, and it continued the Weisels' natural gas service. After the Debtors accumulated a post-petition delinquency of $1,157.09, and after Dominion provided proper notice pursuant to Pennsylvania law, the Weisels' natural gas service was terminated on April 9, 2008, based upon a failure to

pay post-petition utility bills.

Clearly, Dominion terminated service, not based upon the Debtors' failure to provide adequate assurance of payment under § 366(b), but based upon an accumulated post-petition delinquency of $1,157.09. This Court, therefore, disagrees with the Bankruptcy Court's holding that the Weisels' failure to make adequate assurance of payment within the twenty day period set forth in § 366(b), despite Dominion's obvious waiver of the statutory twenty day period, allowed Dominion to terminate the service based upon a failure to provide adequate assurance, nearly a year and a half after commencement of the bankruptcy case. Dominion had the right to discontinue the natural gas service to the Debtor's on or after November 16, 2006[2]. It chose instead to work with the Weisels and consented to a continuation of the natural gas service if the Weisels paid a security deposit by December 22, 2006. Dominion accepted the $215.00 deposit remitted by the Debtors on or about December 18, 2006, and continued to provide utility service. As a result, it was Dominion that lost the right to discontinue service based upon a failure to furnish "adequate assurance of payment" under § 366(b).

The result below does not change, however, as this Court finds that Dominion had the right to terminate the Weisels' natural gas service for failure to pay post-petition utility service delinquencies. It is well-established that § 366 permits a utility to terminate service to a debtor or trustee who has posted adequate assurance but fails to make post-petition payments on the utility service, and may do so without seeking relief from the automatic stay as long as the utility follows its state law termination procedures. *See Begley v. Philadelphia Elect. Co.*, 760 F.2d at 49-51; *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 588 (6th Cir. 1990); *In re Security Investment Properties, Inc.*, 559 F.2d 1321, 1325 (5th Cir. 1977); *In re Jones*, 369 B.R. 745, 752 (B.A.P. 1st Cir. 2007); *In re Conxus Communs., Inc.*, 262 B.R. 893, 899 (D. Del. 2001); *In re Carter*, 133 B.R. 110, 112 (Bankr. N.D. Ohio 1991). The Third Circuit in *Begley* specifically

---

[2] Dominion, obviously, remained obligated to follow applicable state law with respect to any such termination as the state procedural protection provided to the Debtors is not abrogated by the adequate assurance provision of § 366(b).

stated:

> The restriction on termination in section 366(a) bars only those terminations which issue "solely on the basis" that a debt incurred prior to the bankruptcy order, was not paid when due. Thus, by implication, termination for failure to pay post-petition bills would not seem to be barred by section 366(a). . . This reflects an understanding that the utility will be allowed to commence termination procedures once a post-petition payment is missed, despite the prior security or "assurance" deposit.

*Begley v. Philadelphia Elect. Co.*, 760 F.2d at 49-51. Several other courts have similarly permitted termination for failure to make post-petition payments concluding that the use of the word "solely" in § 366(a) implied that a utility may refuse to furnish services on grounds other than the commencement of the bankruptcy case or because of outstanding pre-petition debts. *See Memphis Light, Gas & Water Division v. Farley*, 135 B.R. 292, 294 (W.D. Tenn. 1991); *Hendrickson v. Philadelphia Gas Works*, 672 F. Supp. 823, 834 (E.D. Pa. 1987); *In re Morris*, 66 B.R. 28, 29 (E.D. Mich. 1986); *In re Webb*, 38 B.R. 541, 544 (Bankr. E.D. Pa. 1984).

      The Debtors argue that the result of a Chapter 13 case should be different from the result in *Begley* and relief from stay should be required because, contrary to 11 U.S.C. § 362(a)(3), Dominion's termination of service is an attempt to exercise dominion and control over the bankruptcy estate. Based upon such proposition, any creditor seeking payment of a post-petition bill, invoice, etc. in a Chapter 13 bankruptcy would be required to seek relief from the stay. This would be unduly burdensome on creditors as well as on the Courts. Moreover, the leading bankruptcy treatise does not distinguish between chapters of the Bankruptcy Code in applying § 366(b) stating:

> [t]he provision of adequate assurance does not prevent a utility from terminating service to the debtor or the estate if postpetition payments for utility services are not made. Such a termination must follow the procedure prescribed under nonbankruptcy law for utility terminations . . . .

3-366 Collier on Bankruptcy P 366.03[1](15th Ed. 2009). Therefore, this Court will not distinguish the rights of a utility under § 366(b) based upon specific chapters of the Bankruptcy Code. Accordingly, the Court finds that the Bankruptcy Court did not err in finding that Dominion was permitted to unilaterally terminate gas service to the Debtors based on post-

petition unpaid bills without requirement of seeking either leave of the Court or relief from the automatic stay.

**V.      CONCLUSION**

Based on the foregoing, the decision of the Bankruptcy Court granting summary judgment in favor of Dominion and dismissing the Weisels' Expedited Complaint for Violation of the Automatic Stay, finding that Dominion did not violate the automatic stay provisions of 11 U.S.C. § 362 when it terminated the Weisel's natural gas service, shall be affirmed. An appropriate order follows.

Cercone, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>**MICHAEL WEISEL** and<br>**LORI SUE WEISEL,**<br><br>Debtors<br><br>**MICHAEL WEISEL** and<br>**LORI SUE WEISEL**,<br><br>Movants/Appellants<br><br>v.<br><br>**DOMINION PEOPLES GAS COMPANY**<br><br>Respondent/Appellee | 2:09cv537<br>**Electronic Filing** |

**ORDER OF COURT**

AND NOW, this 1st day of February, 2010, upon consideration of the appeal from the decision of the United States Bankruptcy Court for the Western District of Pennsylvania dated February 9, 2009, filed on behalf of the Debtors, Michael Weisel and Lori Sue Weisel, the response thereto, and the briefs filed in support thereof, in accordance with the Memorandum Opinion filed herewith,

IT IS HEREBY ORDERED that the decision of the Bankruptcy Court holding that Dominion Peoples Gas Company did not violate the automatic stay provisions of 11 U.S.C. § 362 when it terminated the Weisel's natural gas service on April 9, 2008, is **AFFIRMED**. The Clerk shall mark this case closed.

                                                         s/ David Stewart Cercone
                                                        David Stewart Cercone
                                                        United States District Judge

cc:    David A. Colecchia, Esquire
        Law Care
        324 S. Maple Avenue
        Greensburg, PA   15601

John P. Vetica, Jr., Esquire
Suite 601
600 Commerce Drive
Moon Township, PA 15108